UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREKENDRIDGE PROPERTY FUND 2016, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAVID PENA,<br><br>Defendant. | No. 1:18-cv-00674-DAD-SKO<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION |

On or about April 10, 2018, plaintiff commenced this action against defendant in the Tulare County Superior Court. (Doc. No. 1 at ¶ 1.) On May 17, 2018, defendant removed the action to this federal court. (Doc. No. 1.) The notice of removal states that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441. (*Id.* at ¶ 4.) Defendant alleges the parties are diverse in their citizenship and the amount in controversy exceeds $75,000, thereby establishing jurisdiction. (*Id.* at ¶¶ 6–10.) In addition, defendant contends that this court has original jurisdiction over this action because it was brought pursuant to the Fair Debt Collection Practices Act. However, as explained below, defendant must provide additional information in order for the court to determine it has jurisdiction over this action.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A suit may be removed to federal court under 28 U.S.C.

1

§ 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368 (9th Cir. 1987). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

The notice of removal in this case states that defendant is a citizen of California, residing in Tulare County. (Doc. No. 1 at ¶ 6(b).) Under 28 U.S.C. § 1441(b)(2), "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This rule, known as the "forum defendant" rule, prohibits a defendant from removing an action to federal court on the basis of diversity if the defendant is a citizen of the state in which the action was initially brought. It would therefore appear to be clear that removal of the action pursuant to this provision was improper.

The notice of removal also makes reference to federal question jurisdiction under 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). This means that "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* (quoting *Caterpillar*, 482 U.S. at 393).

It is unclear from defendant's notice of removal whether plaintiff has alleged any causes of action that would confer federal question jurisdiction on this court. Defendant has not provided the court with a copy of plaintiff's complaint as required, making it impossible for the court to make such a determination. *See* 28 U.S.C. § 1446(a) (A notice of removal must contain

"a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."). In responding to this order, defendant is directed to file a copy of plaintiff's complaint as a supplement to his notice of removal on this court's docket.

Defendant is also directed to show cause within fourteen (14) days of service of this order why this case should not be remanded to Tulare County Superior Court. Defendant may discharge this order to show cause by either (1) explaining how diversity jurisdiction is proper in light of the citizenship of the parties, or (2) pointing to federal causes of action in plaintiff's complaint that would permit the court to exercise jurisdiction over this action.

IT IS SO ORDERED.

Dated: **May 23, 2018**

UNITED STATES DISTRICT JUDGE